**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1647
_____

LEONARD THOMPSON,
                              Appellant

v.

MARY MICHELS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-00962)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2014
Before:  JORDAN, COWEN and BARRY, Circuit Judges

(filed: July 24, 2014)
_____

OPINION
_____

PER CURIAM

Leonard Thompson appeals an order of the United States District Court for the Western District of Pennsylvania that dismissed his action with prejudice for lack of federal subject matter jurisdiction.[1] For the reasons that follow, we will affirm.

I.

Thompson brought this lawsuit against Michels, seeking damages for a failed business deal with Michels' deceased spouse. Liberally read, Thompson's *pro se* complaint alleged fraud, theft, and breach of contract or, in the alternative, unjust enrichment.

Thompson asserted federal jurisdiction under 18 U.S.C. § 1341, a federal criminal statute pertaining to mail fraud. Michels filed a motion to dismiss, arguing, among other things, that the District Court lacked jurisdiction. The District Court agreed and granted Michels' motion to dismiss. Thompson appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the District Court possessed subject matter jurisdiction. See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

---

[1] The parties consented to proceed before a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1).

Here, we agree with the District Court that it lacked subject matter jurisdiction. Thompson invoked 18 U.S.C. § 1341, but that is a criminal statute that does not give rise to a private right of action. See Wisdom v. First Midwest Bank, 167 F.3d 402, 407-08 (8th Cir.1999) (collecting cases). In other words, the statute authorizes public actors (the government) to criminally prosecute individuals for mail fraud, but it does not provide a basis upon which an alleged victim of mail fraud may bring a civil lawsuit in federal court.

Thompson did not plead any other ground upon which federal jurisdiction could alternatively rest, and we can perceive none. The causes of action in Thompson's complaint arise under state law and therefore do not give rise to jurisdiction under 28 U.S.C. § 1331. Nor could there be diversity jurisdiction under 28 U.S.C. § 1332. Among other things, that jurisdictional basis requires the parties to be citizens of different states. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). It is uncontested that both Thompson and Michels are citizens of Pennsylvania.

III.

For the foregoing reasons, we will affirm the District Court's dismissal for lack of jurisdiction.

3